IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA
Ex rel John Stack, and John Stack
individually,

        Plaintiff,

v.

LUTHER HOSPITAL, INC.,

        Defendant.

FILED *EN CAMERA* &
UNDER SEAL

CIVIL ACTION No.08-CV-639

---

**COMPLAINT FOR VIOLATION OF FALSE CLAIMS ACT,
(31 U.S.C. § 3229, *et. seq.*)
TRIAL BY JURY REQUESTED**

---

Pursuant to 31 U.S.C. § 3730(b)(1), John Stack, for himself and on behalf of the United States of America and the State of Wisconsin, by his attorneys, Kasdorf, Lewis & Swietlik, S.C., brings this civil action under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended, and the common law theory of unjust enrichment, and alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises under 31 U.S.C. § 3729, *et seq.*, also known as the False Claims Act (the "Act"), and the common law to recover treble damages and civil penalties on behalf of the United States of America and the State of Wisconsin, arising out of the defendant's violation of the Act.

2.     Under § 3732 of the Act, this Court has jurisdiction over actions brought under the Act and concurrent jurisdiction over state claims arising from the transactions giving rise under the Act. Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331, because this civil action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over all other claims set forth in this Complaint because these claims are so related to the claims arising under the Act that they form part of the same case or controversy. 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to § 3732(a) of the Act, which provides that "any action under § 3730 may be brought in any judicial district in which the defendant and/or, in the case of multiple defendants, any one defendant can be found, resides, transacts a business or in which any act proscribed by § 3729 occurred." The proscribed acts, which are the subject of this action, occurred in the State of Wisconsin, within this judicial district. At all times material hereto, defendant regularly conducted substantial business within the State of Wisconsin and maintained permanent employees in offices in the State of Wisconsin, within this judicial district. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## FILING UNDER SEAL

5. Under the Act, this Complaint is to be filed *en camera* and remain under seal for a period of at least 60 days and shall not be served on defendant until the Court so orders. The government may elect to intervene and proceed with the action within 60 days after the government receives the Complaint.

6. As required by the Act, Relator voluntarily submitted, prior to the filing of this Complaint, a confidential written disclosure (subject to the attorney-client privilege) to the United States government via the Assistant United States Attorney's Office in the Western District of Wisconsin, containing material, evidence and information in his possession pertaining to the allegations contained in this Complaint.

**PARTIES**

7. John Stack ("Relator") is a resident of the State of Minnesota and a former employee of defendant Luther Hospital. Relator began employment with Luther Hospital in January of 2002 as a physical therapist and departed in December of 2002. Relator is an original source of the facts and information hereinafter set forth concerning the activities of Luther Hospital. The facts averred herein are based upon his personal observation and documents in his possession.

8. Luther Hospital is a general hospital, level two trauma center providing acute inpatient and outpatient services.

9. Luther Hospital is a Wisconsin non-stock corporation with its principal place of business at 1221 Whipple Street, Eau Claire, Wisconsin 54703, whose registered agent is Randall L. Linton.

**BACKGROUND**
**False Claims Act**

9. Pursuant to the Act, 31 U.S.C. § 3729(a)(1), liability may be found when any person knowingly presents, or causes to be presented, to an officer or employee of the United States government, a false or fraudulent claim for payment or approval.

10. Liability may also be found under 31 U.S.C. § 3729(a)(2), when a person knowingly makes, uses or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the government.

11. As defined under 31 U.S.C. § 3729(b), "knowing" and "knowingly" means (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information.

3

## Medicare

12. Medicare is a federally-funded health insurance program created in 1965 by Title XVII of the Social Security Act and provides insurance coverage for people over the age of 65 and people with disabilities. It is administered by the Center for Medicare and Medicaid Services ("CMS"). Medicaid is a medical assistance program jointly financed by the state and federal governments for low income individuals and is embodied in 42 U.S.C. § 1396, *et seq.*

13. To receive reimbursement for physical therapy, occupational therapy and speech therapy services under the Medicare or Medicare programs those providers must comply with the guidelines and regulations in the Physical Therapy, Occupational Therapy and Speech-Language Pathology Outpatient Services Educational Update and updates thereto, as well as the Medicare Claims Processing Manual and updates thereto.

14. Title 19 of the Social Security Act of 1965, 42 U.S.C. § 1396-1396(v) established the Medicaid program. Medicaid is a jointly-funded federal/state program, which enables states, such as Wisconsin, to provide medical assistance to those persons whose income and resources are insufficient to meet the costs of necessary medical services. The state's discretion in administering the program is limited by federal laws and regulations.

15. At all times relevant to this Complaint, the United States provided federal funds to the Medicaid program of the State of Wisconsin, which is governed by the Wisconsin Department of Health and Human Services. Thus, all claims or requests for payment submitted to the Medicaid program are subject to liability under the Act, pursuant to 31 U.S.C. § 3801(a)(3)(b)(ii).

## GENERAL ALLEGATIONS OF FRAUDULANT BILLING PRACTICES

16.     Since at least 2002, physical therapists, occupational therapists and speech therapists at Luther Hospital have been providing in-patient and out-patient rehabilitation services together as a "team" to treat patients simultaneously.

17.     Since at least 2002, physical therapists, occupational therapists and speech therapists at Luther Hospital providing rehabilitation services as a "team" at the same time have charged and billed separately for the same or different services provided at the same time to the same patient.

18.     Luther Hospital would then bill Medicare and Medicaid for each separate rehabilitation service provided to a patient at the same time.

19.     Additionally, Luther Hospital would bill Medicare and Medicaid for skilled services when, in fact, the services provided were not reasonable and necessary therapy services and were not skilled services but, rather, were services that could safely and effectively be carried out by non-skilled persons.

20.     The services that were performed by therapists, but which could have been safely and effectively carried out by non-skilled persons were not reasonable and necessary and are excluded from coverage under § 1862(a)(1) of the Social Security Act, 42 USC, but were billed by Luther Hospital as skilled therapy services.

## COUNT I
### False Claims Act-Presentation of False Claims

21.     Relator realleges and incorporates paragraphs 1-20 of this Complaint as if fully set forth herein.

22.     In performing the acts described above, defendant, through its own acts or through the acts of its officers, knowingly presented, or caused to be presented, to an officer or

employee of the United States government, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1).

23. The United States, unaware of the foregoing circumstances and conduct of the defendant, made full payments, which resulted in its being damaged in an amount to be determined.

## COUNT II
### False Claims Act – False Statements

24. Relator realleges and incorporates paragraphs 1-23 of this Complaint as if fully set forth herein.

25. In performing the acts described above, defendant through its own acts or through the acts of its officers, knowingly made, used or caused to be made or used, a false record or statement to get false or fraudulent claims paid or approved by the government in violation of 31 U.S.C. § 3729(a)(2).

26. The United States, unaware of the foregoing circumstances and conduct of the defendant, made full payments which resulted in it being damaged in an amount to be determined.

## COUNT III
### Unjust Enrichment

27. Relator realleges and incorporates paragraphs 1-26 of this Complaint as if fully set forth herein.

28. This is an action to recover monies by which defendant has been unjustly enriched. Due to defendant's improper practice, the United States paid monies by which defendant has been unjustly enriched.

29. By reason of its payments, the United States is entitled to damages in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter judgment against defendant as follows:

A. That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false claims and fraud alleged in this Complaint, as the Civil False Claims Act, 31 U.S.C. § 3729, *et seq.*, provides;

B. That civil penalties of $5,500 to $11,000 be imposed for each and every false claim that the defendant caused to be presented to the United States;

C. That pre-judgment and post-judgment interest be awarded, along with reasonable attorneys' fees, costs and expenses which Relator incurred in bringing and pressing this case;

D. That Relator be awarded the maximum amount allowed pursuant to the False Claims Act;

E. That the State of Wisconsin be awarded damages in the amount of three times the damages sustained by the State of Wisconsin because of the false claims alleged in this Complaint;

F. That this Court award such other and further relief as it deems proper.

Dated this 30th day of October, 2008.

                                           s/Dustin T. Woehl
                                      Dustin T. Woehl, SBN 1036759
                                      Attorneys for John Stack
                                      KASDORF, LEWIS & SWIETLIK, S.C.
                                      One Park Plaza, Suite 500
                                      11270 West Park Place
                                      Milwaukee, WI 53224
                                      Tel:    414-577-4000
                                      Fax:   414-577-4400
                                      Email: dwoehl@kasdorf.com